Filed 5/26/23 P. v. Vigil CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C097136 |
| Plaintiff and Respondent, | (Super. Ct. No. 11F06993) |
| v. | |
| ANTHONY MICHAEL VIGIL, | |
| Defendant and Appellant. | |

A jury found defendant Anthony Michael Vigil guilty of the first degree murder of Michael Gonzales and found true an allegation defendant personally and intentionally discharged a firearm resulting in Gonzales's death. He was sentenced to 50 years to life in prison. This court affirmed the judgment on direct appeal. (See *People v. Vigil* (June 10, 2016, C074923) [nonpub. opn.] (*Vigil*).)

1

Defendant filed a petition for resentencing under Penal Code[1] section 1172.6,[2] which the trial court denied. Defendant appealed the order denying him postconviction relief, and, although this is not his first appeal as of right, defendant's appointed counsel filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 and *People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*), asking this court to independently review the record to determine if there are any arguable errors that would result in a disposition more favorable to defendant. Defendant filed a supplemental brief raising multiple issues concerning his trial. Having considered defendant's supplemental brief in accordance with *Delgadillo*, we shall affirm.

## BACKGROUND

In August 2011, Gonzales took his car to defendant's autobody shop to be repaired.[3] The repairs took longer than expected, and a dispute arose over defendant's work on the car and payment for the repairs. In October 2011, Gonzales went to defendant's shop to pay him and retrieve his car. While there, defendant shot Gonzales multiple times with a shotgun, killing him. Defendant testified he shot Gonzales in self-defense after Gonzales came after him.

---

[1] Undesignated statutory references are to the Penal Code.

[2] Defendant originally filed his petition under former section 1170.95. The Legislature amended section 1170.95 effective January 1, 2022, under Senate Bill No. 775 (2021-2022 Reg. Sess.) (Stats. 2021, ch. 551, § 2). Further, Effective June 30, 2022, the Legislature renumbered section 1170.95 to section 1172.6, without substantive change. (Stats. 2022, ch. 58, § 10). For clarity, we refer to section 1172.6 throughout this opinion.

[3] We draw the brief factual summary from this court's prior opinion in defendant's direct appeal in *Vigil, supra*, C074923. We rely on that opinion solely to summarize the background of this case; our consideration of whether defendant is entitled to relief under section 1172.6 is based on our independent review of the record of conviction. (See *Delgadillo, supra*, 14 Cal.5th at p. 222, fn. 2.)

At trial, the court instructed the jury with CALCRIM No. 520, the standard jury instruction on murder, which required the prosecutor to prove defendant killed Gonzales with either express or implied malice, and with CALCRIM No. 505 regarding self-defense. The court also instructed the jury with CALCRIM No. 521 regarding first degree murder. The court did not instruct the jury on aider and abettor liability (CALCRIM Nos. 400-401), the natural and probable consequences doctrine (CALCRIM Nos. 402-403), or the felony-murder rule (CALCRIM Nos. 540A-540C).

The jury found defendant guilty of first degree premeditated murder (§ 187, subd. (a)), and found true the special allegation that defendant intentionally and personally discharged a firearm causing great bodily injury or death during the offense (§ 12022.53, subd. (d)). Defendant appealed raising a multitude of claims. He argued: (1) the trial court erred in denying his *Marsden*[4] motion for substitute counsel based on a breakdown in his attorney-client communication, which denied him the effective assistance of counsel as his attorney did not investigate or preserve tire mark evidence to show he tried to flee the scene before the shooting or introduce an expert opinion that Gonzales had used threatening language during their confrontation at the autobody shop; (2) the trial court abused its discretion in excluding evidence concerning an encounter between Gonzales or someone acting on his behest and an individual with the same name as defendant; (3) the court prejudicially erred in failing to sua sponte instruct the jury that provocation in the form of a sudden quarrel or heat of passion may reduce murder to manslaughter; (4) the court erred in failing to sua sponte instruct the jury on defense of property; (5) the court erred in failing to sustain a defense objection to the prosecution's misstatement during closing argument that defendant claimed was prosecutorial misconduct; and (6) the prosecutor committed misconduct by improperly attacking the

---

[4] *People v. Marsden* (1970) 2 Cal.3d 118.

3

validity of the doctrine of imperfect self-defense during closing. Finding no error or that any possible error was harmless, this court affirmed the judgment in *Vigil, supra*, C074923.

After the appeal was final, defendant filed a petition for resentencing under Senate Bill No. 1437 (2017-2018 Reg. Sess.) (Senate Bill 1437) and requested the appointment of counsel. Senate Bill 1437 enacted former section 1170.95 and barred a conviction for murder under a natural and probable consequences theory as well as limited the scope of the felony-murder rule. (§ 188, subd. (a)(3), as amended by Stats. 2018, ch. 1015, § 2; § 189; see *Delgadillo, supra*, 14 Cal.5th at p. 223.) "This change in the law was 'to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life.' " (*Delgadillo*, at p. 223; Sen. Bill 1437, § 1, subd. (f).)

The People opposed the resentencing petition, arguing defendant was not entitled to relief as a matter of law because the record of conviction, including the jury instructions, established that he was not convicted under a now-invalid theory of murder. The jury was not instructed on aiding and abetting or felony murder, and, thus, "it was impossible for the jury to find [defendant] guilty of any form of accomplice liability whatsoever." The People submitted copies of the jury's verdict form finding defendant guilty of first degree premeditated and deliberate murder while personally and intentionally discharging a firearm causing death, this court's prior opinion in *Vigil, supra*, C074923 affirming the judgment, and the jury instructions given during trial. The People waived the prima facie hearing and requested the court determine the issue on the parties' written submissions.

Defendant's appointed counsel filed a written reply asserting that "[b]ecause defendant ha[d] averred a prima facie case of eligibility for resentencing" under section 1172.6, the court was required to issue an order to show cause. Counsel argued the trial

4

court could not rely on *Vigil*'s statement of facts in determining whether defendant had made a sufficient prima facie showing, but the court could consider the jury instructions as part of the record of conviction.

The court denied defendant's petition after finding defendant did not come within the provisions of section 1172.6 because "[t]he jury instructions provided willful, deliberate, and premeditated murder as the avenue for the jury to arrive" at defendant's first degree murder conviction. The court noted the case involved a single shooter and no aider and abettor, and defendant had admitted shooting the victim but claimed he did so in self-defense. Defendant appealed.

Defendant's appointed appellate counsel found no arguable issues in the appeal and filed a brief in accordance with the procedures outlined in *Wende* and *Delgadillo*, requesting independent review. Both appointed counsel and this court notified defendant that the court may treat the appeal as abandoned and dismiss it if defendant did not timely file a supplemental brief addressing issues he would like the court to consider. Defendant filed a supplemental brief asking this court "for a closer look at [his] case . . . to view all due process violations and ineptness of coun[se]l."

## DISCUSSION

In *Wende*, our Supreme Court held that "Courts of Appeal must conduct a review of the entire record whenever appointed counsel submits a brief on direct appeal which raises no specific issues or describes the appeal as frivolous." (*Delgadillo, supra*, 14 Cal.5th at p. 221.) The *Wende* procedure applies "to the first appeal as of right and is compelled by the constitutional right to counsel under the Fourteenth Amendment of the United States Constitution." (*Ibid.*)

In *Delgadillo*, our Supreme Court held that *Wende* independent review is not constitutionally required in an appeal from a postconviction order denying a section 1172.6 petition for resentencing because the denial does not implicate a defendant's constitutional right to counsel in a first appeal as of right. (*Delgadillo, supra*, 14 Cal.5th

5

at pp. 222, 224-225.) Nor do general due process principles compel a *Wende* independent review of the order. (*Id.* at pp. 229-232.) Nevertheless, in the interest of judicial economy, the court exercised its discretion to conduct its own independent review of the record given that the lower court's "suboptimal" notice to defendant referenced the *Wende* procedure but did not indicate that his appeal might be dismissed as abandoned if he did not file a supplemental brief. (*Id.* at pp. 222, 232-233.)

The *Delgadillo* court also prescribed guidance for considering an appeal from an order denying a section 1172.6 petition where counsel finds no arguable issues to be pursued on appeal. (*Delgadillo, supra*, 14 Cal.5th at p. 232.) When, like here, a defendant has been notified that his appeal of the postconviction order may be dismissed, the reviewing court must evaluate the specific arguments presented in any supplemental brief the defendant files. (*Ibid.*) The filing of a supplemental brief, however, "does not compel an independent review of the entire record to identify unraised issues," although the reviewing court may exercise its discretion to independently review the record. (*Ibid.*)

Applying *Delgadillo*'s guidance here, we turn to the issues defendant raises in his supplemental brief. Briefly summarized, defendant argues: the trial court made biased comments before the jury regarding the issue of self-defense; defendant's counsel was ineffective because he failed to retrieve and introduce security footage of the confrontation or investigate tire evidence; the defense hired an inept private investigator; the evidence and arguments at trial conflicted regarding where and how the victim was shot; the court erred in denying his numerous *Marsden* motions to substitute counsel and his counsel said in his closing argument that he did not believe defendant; the prosecutor said defendant would face more charges if defendant represented himself; a witness lied on the stand to protect himself from the victim's family; there was evidence the victim had stalked and threatened defendant; an officer "fabricated a story"; defendant was unnecessarily shackled in the jury's presence; a witness supposedly changed his story; the

6

court failed to instruct the jury on sudden quarrel or heat of passion; the court failed to instruct the jury on defense of property; the court erred in failing to sustain a defense objection to the prosecutor's closing argument; the prosecutor committed misconduct by arguing that the doctrine of imperfect self-defense was rarely applied; the prosecutor improperly questioned defendant about his right not to speak while testifying; the court failed to preserve order in the courtroom during trial by allowing the victim's family to distract the jury by entering and exiting the courtroom gallery; the prosecutor suppressed video evidence of the alley; a witness that could have proven the victim threatened him and was affiliated with a gang could not be found to testify and defendant's counsel failed to call other witnesses to testify that the victim had threatened them shortly before the shooting; and evidence regarding the victim's character was not introduced at trial.

To the extent defendant raises claims related to his *Marsden* motions, ineffective assistance of counsel at trial, preservation and presentation of tire mark evidence, evidence of the victim contacting someone with the same name as defendant to show threatening or stalking behavior that made defendant fearful, instructional error, and prosecutorial misconduct based on the prosecutor's closing remarks, this court already considered and rejected these claims in *Vigil*. (*Vigil, supra*, C074923.) Under the doctrine of law of the case, a party may not seek appellate reconsideration of an already decided issue in the same case absent some significant change in circumstances. (*People v. Boyer* (2006) 38 Cal.4th 412, 441.) We find no compelling change in circumstances here that would justify reconsidering those issues.

We also decline to address defendant's remaining trial-related claims that were not, but could have been, raised in his direct appeal in *Vigil*. "[W]here a criminal defendant could have raised an issue in a prior appeal, the appellate court need not entertain the issue in a subsequent appeal absent a showing of justification for the delay." (*People v. Senior* (1995) 33 Cal.App.4th 531, 538.) The rationale underlying applying

7

the waiver rule is based on "various policy considerations, including the state's 'powerful interest in the finality of its judgments.' " (*Ibid.*)

That rationale bars defendant from raising issues concerning judicial bias, alleged evidentiary conflicts regarding the shooting, the perceived lack of competence of the defense's private investigator, shackling, witnesses allegedly fabricating or changing their stories, retaliatory prosecution, failure to preserve courtroom order, certain statements that the prosecutor purportedly made when cross-examining defendant, and the failure to call certain witnesses or present victim character evidence. The basis for each of these claims was present in defendant's first appeal in *Vigil* and he failed to raise them. He does not argue any justification for the delay in asserting the claims nor that any significant change in the law or facts has occurred warranting their belated consideration, and we have found none. (*People v. Senior, supra*, 33 Cal.App.4th at p. 538.)

Finally, although defendant's supplemental brief does not address the court's order denying his postconviction motion, we note the record of conviction makes clear defendant is not entitled to any relief under section 1172.6. (See, e.g., *Delgadillo, supra*, 14 Cal.5th at p. 233 [the defendant ineligible for § 1172.6 relief where the record showed the defendant was the actual killer and the only participant in the killing].) As the trial court properly found based on the record of conviction, the jury was not instructed on accomplice liability or the felony-murder rule, and, thus, could not have found defendant guilty on any imputed malice theories. (*People v. Lewis* (2021) 11 Cal.5th 952, 970 [trial court may rely on the record of conviction to determine whether § 1172.6 prima facie showing is made]; *People v. Soto* (2020) 51 Cal.App.5th 1043, 1055 [jury instructions are part of the record of conviction].) Instead, the jury was instructed on murder based on either express or implied malice, and, on that basis, found defendant guilty of first degree deliberate, premeditated murder while personally and intentionally discharging a firearm causing death. The jury also was instructed on the defense theory of self-defense, but

obviously rejected that theory in finding defendant guilty of premeditated first degree murder. As the only participant in Gonzales's killing who was found guilty of first degree premeditated murder based on an express or implied malice theory, defendant is not entitled to resentencing under section 1172.6.

## DISPOSITION

The order denying defendant's section 1172.6 petition for resentencing is affirmed.

/s/
BOULWARE EURIE, J.

We concur:

/s/
DUARTE, Acting P. J.

/s/
MESIWALA, J.